UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PROGRESSIVE ADVANCED              **REPORT AND**
INSURANCE COMPANY,                **RECOMMENDATION**

                                                    19-CV-00338-EAW-JJM

                              Plaintiff,

v.

ZACHARY T. ZAFUTO and
BRENDAN M. ZIMMERMAN,

                            Defendants.
_____

        Plaintiff Progressive Advanced Insurance Company commenced this action seeking a declaratory judgment that defendant Zachary T. Zafuto's motor vehicle insurance policy (policy no. 916498100) was cancelled for non-payment of premiums on September 5, 2018, and that it has no duty to defend, indemnify or otherwise provide insurance coverage to him for the underlying October 4, 2018 motor vehicle accident and resulting lawsuit pending in New York State Supreme Court, Erie County (<u>Brendan M. Zimmerman v. Zachary T. Zafuto</u>, Index No. 819479/2018). Complaint [1].[1] Although Brendan Zimmerman (the plaintiff in the underlying personal injury action) has appeared in this case, Zafuto has not, and a Clerk's Entry of Default [6] has been entered against him.

        Before the court is Progressive's motion for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56 [15], which has been referred to me by District Judge Elizabeth A. Wolford for initial consideration [16]. Zimmerman has affirmatively stated that he does not

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

oppose the motion. *See* Desmond Declaration [21], ¶3. Having reviewed the motion [15], I recommend that it be granted as against Zimmerman.

## DISCUSSION

### A.   Summary Judgment Standard

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). "[E]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law". Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004); Jackson v. Federal Express, 766 F.3d 189, 194 (2d Cir. 2014) ("Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion . . . is unopposed").

### B.   Was Zafuto's Policy Properly Cancelled Prior to the October 4, 2018 Motor Vehicle Accident?

"It is well established that a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313(1)(a)." Geico Indemnity v. Roth, 56 A.D.3d 1244 (4th Dept. 2008). The insurer has "the burden of proving, as a matter of

law, that the policy was cancelled prior to the date of the loss". Abuhamra v. New York Mutual Underwriters, 170 A.D.2d 1003, 1003 (4th Dept. 1991).[2]

Based upon Progressive's Statement of Material Facts [15-10] and the accompanying evidence it relies upon,[3] it is uncontested that on August 20, 2018, Zafuto was mailed a Cancellation Notice, effective September 5, 2018, in compliance with the requirements for cancellation of insurance pursuant to New York Vehicle and Traffic ("V&T") Law §313(1)(a) (id., ¶11), and that on September 10, 2018 Progressive timely notified the New York State Department of Motor Vehicles of the cancellation consistent with V&T Law §313(2)(a) and 15 NYCRR §34.4(i). Id., ¶22. Based upon that showing, I conclude that Progressive has met its burden of establishing that the policy was cancelled prior to the October 4, 2018 motor vehicle accident.

**C.     Against Whom May Summary Judgment be Entered?**

It is unclear whether Progressive is seeking summary judgment against one or both defendants. To the extent that it seeks summary judgment against Zafuto, such relief is improper: since it has obtained a clerk's entry of default against Zafuto, "the appropriate procedure for plaintiff to follow is a default judgment pursuant to Fed.R.Civ.P. 55(b)(2)". Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc., 648 F. Supp. 1580, 1583 (M.D.N.C. 1986). "Summary judgment would be an inapt procedural vehicle because . . . issues have not

---

[2]     In diversity actions such as this, courts "apply state substantive law and federal procedural law". Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996).

[3]     "[T]he moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically". L.R. Civ. P. 56(a)(2).

been actually litigated but established by default from the defendant's failure to appear." Id. *See also* Harleyville Mutual Insurance Co. v. Vanover, 2006 WL 374765, *1 (W.D. Ark. 2006) ("[e]ntry of summary judgment as against Reeves is inappropriate because he is in default and the issues have not been actually litigated against him"); Penn-America Insurance Co. v. Pindea, 2016 WL 9223928, *1 (S.D.W. Va. 2016) ("[s]ummary judgment is not the proper procedural course to resolve an action against defaulted defendants. Upon default the well-pleaded allegations of the complaint are established by default - they are not litigated").

## CONCLUSION

For these reasons, I recommend that Progressive's unopposed motion for summary judgment [15] be granted as to defendant Zimmerman, but not as to defendant Zafuto. Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by April 6, 2020. Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

-5-

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  March 23, 2020

                                      /s/ Jeremiah J. McCarthy
                                      JEREMIAH J. MCCARTHY
                                      United States Magistrate Judge