UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PROGRESSIVE ADVANCED
INSURANCE COMPANY,

                        Plaintiff,

v.

ZACHARY T. ZAFUTO and
BRENDAN M. ZIMMERMAN,

                        Defendants.

**REPORT AND RECOMMENDATION**

19-CV-00338-EAW-JJM

        Before the court is plaintiff Progressive Advanced Insurance Company's motion pursuant to Fed. R. Civ. P. ("Rule") 55(b)(2) for entry of a default judgment against defendant Zachary Zafuto [26]. Having reviewed the motion, along with Progressive's supplemental submission [28], for the following reasons I recommend that the motion be granted.

## BACKGROUND

        Progressive commenced this action seeking a declaratory judgment that the motor vehicle insurance policy which it issued to Zafuto was properly cancelled for non-payment of premiums on September 5, 2018, and that it therefore has no duty to defend, indemnify or otherwise provide insurance coverage to him for an October 4, 2018 motor vehicle accident and resulting litigation commenced against him by defendant Brendan Zimmerman in State of New York Supreme Court, County of Erie. Complaint [1].[1] Progressive previously moved for

---

[1] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

summary judgment against Zimmerman, and that motion was granted as unopposed. *See* my March 23, 2020 Report and Recommendation [22], adopted by District Judge Elizabeth A. Wolford on May 4, 2020 [23].

Zafuto was personally served on March 20, 2019. [4]. Progressive has demonstrated that he is not an infant, incompetent, or in the military service. *See* Savoia Declarations [26, 28] and Amended Exhibit [31]. On April 29, 2019, the clerk of this court entered default against him due to his failure to appear [6].

## DISCUSSION

"Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." Garden City Boxing Club, Inc. v. Giambra, 2004 WL 1698633, *1 (W.D.N.Y. 2004). "Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." Id.

New York Vehicle and Traffic Law §313(1)(a) provides that "where the cancellation is for non-payment of premium . . . fifteen days notice of cancellation by the insurer shall be sufficient". Paragraph 20 of the Complaint [1] alleges that "[b]y letter dated August 20, 2018, Mr. Zafuto was provided with a Cancellation Notice for his policy. This notice stated that 'Unfortunately, we didn't receive your renewal payment and, as a result, your policy will end at 12:01 a.m. on September 5, 2018.' It also stated 'Please know that this means you will no longer have insurance coverage as of that date.'" Paragraph 27 alleges that "Zafuto failed to make the overdue payment on his policy and failed to make any payment to Progressive to renew his

policy. Accordingly, his policy was cancelled as of September 5, 2018". These allegations are sufficient to entitle Progressive to the declaratory relief requested in the Complaint.[2]

## CONCLUSION

For these reasons, I recommend that this court grant Progressive's motion [26] for entry of a default judgment declaring that the automobile insurance policy which it issued to Zafuto was properly terminated as of September 5, 2018, and that it is therefore not obligated to defend or indemnify him for any liability arising from the October 4, 2018 motor vehicle accident.

Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by August 31, 2020. Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

---

[2] While evidentiary support for these allegations is not necessary in light of Zafuto's default, Progressive did furnish such support in its earlier motion for summary judgment [15].

-4-

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: August 17, 2020

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge